MEMORANDUM **
Plaintiff Teddy Roosevelt Watson appeals the district court’s orders[1] (1) granting in part and denying in part the defendants’ motion to dismiss the first amended complaint; (2) denying Watson’s motion for relief from Local Rule 23-8 and denying Watson’s motion for class action certification as moot; (3) granting the defendants’ ex parte application requesting leave to amend their answer; (4) granting in part and denying in part the defendants’ motion for summary judgment; (5) denying Watson’s motion for attorney fees; and (6) denying Watson’s motion for an enlargement of time to file a notice of appeal of the district court’s denial of attorney fees. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court.
1. The district court properly dismissed Watson’s second, third, eighth, ninth, sixteenth, and seventeenth claims; first and fourth claims as to the California Board of Prison Terms defendants; seventh, eleventh, thirteenth, fourteenth, and fifteenth claims as to the California Department of Corrections defendants; and tenth claim as to all defendants except Eli Anaya and Brigit Murria. The district court did not err because, “ ‘assuming all facts and inferences in favor of the non-moving party, it appears beyond doubt that [Watson] can prove no set of facts to support [his claims]’ ” that would entitle him to relief. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir.2006) (quoting Libas Ltd. v. Carillo, 329 F.3d 1128, 1130 (9th Cir. 2003)).
The district court did not err in determining that the defendants were entitled to qualified immunity on Watson’s fifth and twelfth claims. Assuming that there was a constitutional violation, the defendants were entitled to qualified immunity because their conduct was not in violation of clearly established law at the time of Watson’s arrest or his parole revocation hearing. See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); see also Pearson v. Callahan, — U.S. -, 129 S.Ct. 808, 818, 821-22, 172 L.Ed.2d 565 (2009).
The district court did not err in determining that Fernando Perez and Thomas Wadkins were entitled to absolute immunity because their actions were integrally related to the decision to revoke Watson’s parole. See Swift v. California, 384 F.3d 1184, 1191 (9th Cir.2004) (“[A]n official who adjudicates parole decisions is entitled to quasi-judicial immunity for those decisions, and actions integral to those decisions.”).
2. The district court did not abuse its discretion in denying Watson’s motion *285 for relief from Local Rule 23-3 because Watson’s unfamiliarity with the local rules and unnecessary delay in filing his motion did not constitute excusable neglect. See Fed.R.Civ.P. 6(b)(1)(B) (requiring a showing of excusable neglect if a motion to extend time is made after the time to act has expired); Pincay v. Andrews, 389 F.3d 853, 859 (9th Cir.2004) (en banc) (stating that “a lawyer’s failure to read an applicable rule is one of the least compelling excuses that can be offered”).
3. The district court did not abuse its discretion in allowing the defendants to amend their answer because the defendants’ inadvertent admission was due to a clerical error. See Fed.R.Civ.P. 15(a)(2) (“The court should freely give leave [to amend pleadings] when justice so requires.”).
4. The district court properly granted summary judgment in favor of the defendants on the balance of Watson’s claims because “the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the [defendants are] entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c). The district court also did not err in denying Watson’s request for compensatory damages on his seventh claim because he failed to produce any evidence of emotional harm.
5. The district court did not abuse its discretion when it denied Watson’s motion for an enlargement of time to file a notice of appeal of the district court’s denial of attorney fees because his attorney’s misreading of the federal rules of procedure and his deliberate decision not to seek an extension of time did not constitute “excusable neglect.” See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P’ship, 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (stating that “inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute ‘excusable’ neglect”). Because Watson did not file a timely appeal, this court lacks jurisdiction to review the district court’s denial of attorney fees.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We note that Watson appeals "all of the District Court's adverse rulings in their entirety.” Several adverse rulings, however, were not addressed by Watson in his briefs and will not be addressed by this court. See Fed. R.App. P. 28(a)(9)(A) ("The appellant’s brief must contain ... appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies[.]”); Rattlesnake Coal. v. U.S. EPA, 509 F.3d 1095, 1100 (9th Cir.2007) ("Issues raised in an opening brief but not supported by argument are considered abandoned.”).